UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

JACOB MARTIN,                                            :
          Plaintiff,                              :        Civil No. 3:12-CV-1507
          v.                                          :
                                                      :        (Judge Kosik)
LACKAWANNA COUNTY, et al.,                               :
          Defendants.                             :

_____

**MEMORANDUM**

    Before the court are Plaintiff's Objections (Doc. 46) to the Report and Recommendation of Magistrate Judge Karoline Mehalchick filed on March 26, 2014 (Doc. 39), recommending that Plaintiff's Amended Complaint (Doc. 36) be dismissed. For the reasons which follow, we will adopt in part and not adopt in part the Report and Recommendation of the Magistrate Judge.

BACKGROUND

    Plaintiff, Jacob Martin, filed a Complaint in the instant action on August 3, 2012. The Complaint was screened by the Magistrate Judge pursuant to 28 U.S.C. §1915A (Doc. 6). The Magistrate Judge granted Plaintiff's application to proceed <u>in forma pauperis</u> and found that the Complaint failed to state a claim upon which relief may be granted. Plaintiff was given leave to file an Amended Complaint. Following the granting of several motions for extensions of time, Plaintiff filed an Amended Complaint on August 5. 2013 (Doc. 36). In his Amended Complaint, Plaintiff raised additional claims not set forth in his original Complaint.

    The basis of Plaintiff's Amended Complaint arises out of alleged Constitutional and statutory violations and state law claims based on conduct taken against Plaintiff while he was involved with the Lackawanna County Court of Common Pleas and

Mental Health Treatment systems in Lackawanna County[1]. The claims set forth in Plaintiff's ninety-four (94) page Amended Complaint are outlined in the Magistrate Judge's Report and Recommendation (Doc. 39).

The Magistrate Judge screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. §1915A and §1915(e)(2). After setting forth the claims raised by Plaintiff, the Magistrate Judge conducted a legal analysis of the merits and recommended that the Amended Complaint be dismissed with prejudice as to all federal claims and that the Amended Complaint be dismissed without prejudice as to the state law claims.

On August 27, 2014, the Plaintiff filed Objections (Doc. 46) to the Report and Recommendation. We will consider Plaintiff's Objections in light of the Report and Recommendation of the Magistrate Judge.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(c); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In addressing the merits of Plaintiff's claims, the Magistrate Judge first discussed and recommended that eleven defendants named in the original

---

[1] As Plaintiff asserts in Paragraph 22 of the Amended Complaint, ... "[t]his matter deals with Plaintiff's history while on probation and [Mental Health Treatment Court] and on county parole and [Mental Health Treatment Court]."

Complaint, but omitted from the Amended Complaint, be dismissed[2]. Plaintiff states that he does not object to the Magistrate Judge's recommendations that the action be dismissed against the eleven defendants. The Magistrate Judge also recommended that Plaintiff's request for declaratory relief be dismissed. Plaintiff has not filed Objections to this recommendation. Thus, we will adopt the Magistrate Judge's recommendation as to these matters.

The Magistrate Judge next discusses claims raised by the Plaintiff under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). As the Magistrate Judge points out, there is no federal private right of action under HIPAA. Plaintiff states that he does not object to the Magistrate Judge's recommendation that the HIPAA claims be dismissed[3].

The Magistrate Judge next addresses Plaintiff's claim under Title II of the Americans with Disabilities Act ("ADA"). As the Magistrate Judge points out, in order to establish a violation of Title II of the ADA, a Plaintiff must show that he (1) is a qualified individual with a disability; (2) was excluded from participation in, or denied the benefits of, the services, programs or activities of a public entity, or was subjected to discrimination by any such entity; and, (3) was excluded because of his disability. 42 U.S.C. §12132. Further, the claim cannot be directed at the Defendants in their personal capacities. As to the official capacity ADA claim, the Magistrate Judge found that Plaintiff does not identify any services programs or activities of a public entity from which he was excluded from participating. Rather, Plaintiff

---

[2] The eleven defendants to be dismissed are: (1) Lackawanna County; (2) Lackawanna County Treatment Court; (3) Lackawanna County Prison; (4) Lackawanna County Adult Probation and Parole; (5) Scranton Counseling Center; (6) Harbor House; (7) Moses Taylor Hospital; (8) "Matt", a psychology intern at the Lackawanna County Treatment Court; (9) "Courtney", a psychology intern at the Lackawanna County Treatment Court; (10) Paul Robertson; and, (11) "Kristen", a supervisor at Harbor House.

[3] In his Objections regarding HIPAA, Plaintiff raised arguments regarding Defendant's Nurse Staff and Leslie Newberry regarding Equal Protection, Free Speech and Right to Petition the Government. He also raises that Defendants Nurse Staff and Leslie Newberry violated state law. Plaintiff's Objections will be considered when we discuss Plaintiff's §1983 and state law claims.

complained that he was forced to participate in additional drug and alcohol treatment programs that were duplicative to those in which he was already participating or had already completed and that he was burdened by an overabundance of program activities.  Additionally, the Magistrate Judge found that Plaintiff failed to allege any facts whatsoever to plausibly demonstrate that he was excluded from participation in any programs, or otherwise subjected to discrimination, <u>because of</u> his disability.

In his Objections, Plaintiff acknowledges that he is suing Defendants in their official capacities.  Plaintiff objects to the alleged mis-wording and language used by the Magistrate Judge in referring to 42 U.S.C. §12132.  Specifically, Plaintiff references the word "or" and the phrase "... or be subjected to discrimination by such entity."  Plaintiff argues that the quoted phrase allows his ADA claim to stand because he explicitly describes in his Amended Complaint how he was subjected to discrimination by agents of the Mental Health Treatment Court.

While Plaintiff describes his alleged mistreatment by the Mental Health Treatment Court of Lackawanna County, we agree with the Magistrate Judge that Plaintiff failed to allege any facts to plausibly demonstrate that he was excluded from participation in any programs, or otherwise subjected to discrimination, <u>because of</u> his disability.

In his Objections, Plaintiff argues that his claim is grounded in the clause "or be subjected to discrimination by such entity."  Plaintiff argues that he was subjected to discrimination by agents of the Mental Health Treatment Court, as set forth throughout the Amended Complaint, and he specifically references paragraphs 109, 110 and 145.  In Paragraphs 109 and 110, Plaintiff asserts that he was discriminated against because he was subjected to unequal treatment and relegated to political powerlessness based on the prejudiced assumption that the characteristics of his mental health disability would hinder his ability and that he was subjected to

malicious acts that "would play upon the symptoms of his mental health disability in an effort to intimidate, deter, hinder, adversely affect, and overwhelm Plaintiff because he was exercising constitutionally protected rights that could hold Defendants accountable."  In Paragraph 145, Plaintiff asserts: "145. The aforementioned were devised tactics that are conspiratory, retaliatory, and discriminatory, coordinated by Defendant Russo and Geroulo and other MHTC officials to intimidate and deter Plaintiff from continuing to speak about and seek justice for the incident at LCP which are constitutionally protected conducts."  Plaintiff also references other Paragraphs, which deal with conduct of the staff of Harbor House and Lackawanna County Prison.  Plaintiff asserts that the conduct caused him mental anguish.

As the Magistrate Judge points out, in order to state a claim for relief under Title II of the ADA, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in, or denied the benefits of, some public entity's services, programs or activities, or was otherwise discriminated against; and, (3) that such exclusion, denial of benefits or discrimination was by reason of his disability.  Douris v. New Jersey, 500 Fed. Appx. 98, 100 (3d Cir. 2012).  While Plaintiff's Amended Complaint alleges facts that would establish that he is a qualified individual with a disability, he fails to plead facts to establish that he was excluded from participation in, or denied benefits of, or discriminated against because of his disabilities.  We agree with the Magistrate Judge that the allegations set forth in Plaintiff's Amended Complaint contain conclusory allegations of discrimination and that the allegations fail to demonstrate that he was subjected to discrimination because of his disability.  Thus, we agree with the Magistrate Judge that the Amended Complaint should be dismissed for failure to state a claim under the ADA.

The Magistrate Judge next addresses Plaintiff's claims for violation of his constitutional rights pursuant to 42 U.S.C. §1983.  In the Amended Complaint, Plaintiff attempts to allege violations of cruel and unusual punishment under the Eighth Amendment, Equal Protection under the Fourteenth Amendment, Procedural Due Process under the Fourteenth Amendment, Free Speech and the right to exercise his rights under the First Amendment and conspiracy pursuant to 42 U.S.C. §1985.

After outlining the law surrounding §1983, the Magistrate Judge found that the Amended Complaint arises out of the criminal proceedings against Plaintiff, his supervision while on probation and his probation revocation proceedings.  The Magistrate Judge concluded that the claims related to Plaintiff's criminal proceedings were not cognizable under §1983 pursuant to the favorable termination rule articulated in Heck v. Humphrey, 512 U.S. 477 (1994).  The Magistrate Judge also found that Plaintiff's §1983 claims against Defendants Vito Geroulo, Dennis Russo, Kevin Gownley, Samantha Weissner, and Leslie Newberry are barred by Heck.

In his Objections, Plaintiff argues that he does not seek relief for any conviction or sentence and that he seeks relief for claimed harms in facts outside the criminal conviction and sentence.  Plaintiff references Paragraphs 23, 181, 182 and 397 in the Amended Complaint.  Plaintiff further states that "[s]tatements about convictions and sentences in the amended complaint are merely part of a background in the Plaintiff's history and should be treated this way and don't have to do with the harms that he is seeking relief for."  Plaintiff then challenges specific findings and alleged inaccuracies made by the Magistrate Judge.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held:

> [W]hen a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate

> that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. 512 U.S. at 487.

Thus, <u>Heck</u> requires that the court conduct two inquiries in evaluating a §1983 claim: first, whether the claim suggests the invalidity of an outstanding criminal judgment against the plaintiff; and, second, <u>if</u> the claim does imply such invalidity, the court must dismiss it <u>unless</u> the plaintiff can demonstrate that the conviction or sentence has already been invalidated. 512 U.S. 487.

As we indicated earlier, Plaintiff's Amended Complaint consists of 95 pages and contains 454 paragraphs. Moreover, Plaintiff acknowledges in his Objections that statements about his convictions and sentences in the Amended Complaint are merely part of a background in the Plaintiff's history and he asserts that they have nothing to do with the harms for which he is seeking relief. He also raises alleged inaccuracies and mistaken findings made by the Magistrate Judge.

Federal Rule of Civil Procedure, Rule 8, provides: (a) Claims for Relief. A pleading that states a claim for relief must contain: ... (2) a <u>short</u> and <u>plain</u> statement of the claim showing that the pleader is entitled to relief... Case law has held that Plaintiffs should comply with the provisions of Rule 8. <u>See</u>, <u>Gomez v. Schnieder</u>, 2005 WL 1322773 (M.D. Pa, May 25, 2005).

Here, because of the length of Plaintiff's Amended Complaint, it is burdensome for the court and any named defendant to discern Plaintiff's §1983 claims and the claims attributed to each defendant. As we indicated above, Plaintiff admits that he has included extraneous information in the Amended Complaint. Accordingly, with respect to his §1983 claims, we will direct the Plaintiff to file a Second Amended Complaint which comports with Rule 8. Plaintiff shall file a short

-7-

and plain statement of his claims under §1983 and set forth which claim is attributable to which defendant.

The Magistrate Judge next addresses §1983 claims against individual defendants. Specifically, the Magistrate Judge found that Plaintiff failed to set forth an Eighth Amendment deliberate indifference claim against Dr. Malik. The Magistrate Judge also found that Plaintiff failed to set forth any Constitutional violation against Defendant Bill Thompson. Finally, the Magistrate Judge found that Defendants, Leslie Newberry, Samantha Weissner, Dr. Norien, Keree Mecca, Allison, Jim and Nurse Staff were private individuals and not state actors as required under 42 U.S.C. §1983. Additionally, the Magistrate Judge found that even if these Defendants were construed as state actors, their alleged conduct did not state a §1983 claim.

In his Objections, Plaintiff objected to the Magistrate Judge's findings as to Defendants Vito Geroulo, Dennis Russo, Kevin Gownley, Dr. Malik, Leslie Newberry, Samantha Weissner, Keree Mecca, and Allison. Plaintiff argues that the Magistrate Judge disregarded a lot of key components in his Amended Complaint. As we indicated above, it is difficult and burdensome for the court to discern the conduct attributable to each defendant. Therefore, we will direct Plaintiff to comply with Fed. R. Civ. P., Rule 8, in filing his Second Amended Complaint as to each of these defendants. However, we will adopt the Report and Recommendation as to Defendants Bill Thompson, Dr. Norien, Jim and Nurse Staff. These Defendants will be dismissed from this action.

In addressing Plaintiff's conspiracy claims under 42 U.S.C. §1985 (2) and (3), the Magistrate Judge found that these claims are barred by Heck, supra. In his Objections, Plaintiff asserts that the Magistrate Judge incorrectly construed his §1985 claims. As with his §1983 claims, we find that Plaintiff has failed to comply

with Fed. R. Civ. P., Rule 8, in setting forth his §1985 claims. Accordingly, we will direct Plaintiff to file a Second Amended Complaint as to his 42 U.S.C. §1985 conspiracy claims. Plaintiff is directed to set forth a short and plain statement of his conspiracy claims, the sections on which his claims are based and the defendants alleged to be involved.

The Magistrate Judge next addressed Plaintiff's state law claims. Specifically, the Magistrate Judge recommended that we decline to exercise jurisdiction over the state law claims. Because we are giving Plaintiff an opportunity to file a Second Amended Complaint as to his §1983 and §1985 claims, we will decline to adopt this recommendation at this time.

Finally, Plaintiff is advised that the Second Amended Complaint must be complete in all respects. It must be a new pleading, which comports with Rule 8, and which stands by itself as an adequate complaint without reference to the complaints already filed. This means that the Second Amended Complaint will take the place of the other complaints and that none of the allegations of the other complaints can be relied upon. Plaintiff is advised that failure to file an appropriate and timely Second Amended Complaint will result in the dismissal of his action.