UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JACOB MARTIN,

        Plaintiff,

v.

LACKAWANNA COUNTY, et al.,

        Defendants.

CIVIL ACTION NO. 3:12-CV-01507

(KOSIK, J.)
(MEHALCHICK, M.J.)

### REPORT AND RECOMMENDATION

This is a *pro se* action for damages and declaratory relief, asserting several federal civil rights and state tort claims against various defendants. Plaintiff Jacob Martin filed his initial complaint in the instant action on August 3, 2012. (Doc. 1). Former United States Magistrate Judge Andrew Smyser screened Martin's initial complaint pursuant to its statutory obligation under 28 U.S.C. § 1915A to review prisoner civil complaints seeking redress from a government entity or employee. (Doc. 6). Martin was given leave to file an amended complaint, and after being granted several extensions of time, Martin filed his amended complaint on August 5, 2013. (Doc. 36). The amended complaint raised several claims that were not previously set forth in Martin's initial complaint.

On March 26, 2014, the undersigned screened Martin's amended complaint and recommended that it be dismissed without granting Martin leave to file a second amended complaint. (Doc. 26). After receiving several extensions of time, Martin filed objections to the undersigned's report and recommendation on August 27, 2014. (Doc. 46).

On November 13, 2015, the District Court adopted the report and recommendation in part, but did not adopt the undersigned's recommendation to deny Martin leave to

amend. (Doc. 48). Instead, the District Court directed Martin to file a second amended complaint, addressing a limited number of remaining claims and in compliance with Fed. R. Civ. P. 8, within thirty days of the District Court's Order. (Doc. 48). In a Memorandum accompanying the Order, the District Court expressly warned "that the failure to file an appropriate and timely Second Amended Complaint will result in the dismissal of his action." (Doc. 47, at 9).

Plaintiff has failed to timely file an amended complaint in accordance with the November 13, 2015 Order. (Doc. 48). Accordingly, it is recommended that the instant civil rights action be closed.

Based on the forgoing, it is recommended that the Clerk be directed to close this case.

BY THE COURT:

**Dated: December 23, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB MARTIN,<br><br>            Plaintiff,<br><br>  v.<br><br>LACKAWANNA COUNTY, et al.,<br><br>            Defendants. | CIVIL ACTION NO. 3:12-CV-01507<br><br>  (KOSIK, J.)<br>  (MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 23, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December 23, 2015

                                                                     *s/ Karoline Mehalchick*
                                                                       **KAROLINE MEHALCHICK**
                                                                       **United States Magistrate Judge**